UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

CATHOLIC CHARITIES OF SOUTHWEST
KANSAS, INC.,

                    Plaintiff,

vs.

PHL VARIABLE INSURANCE COMPANY,

                    Defendant.

Civil Action No. 6:20-cv-01334-
KHV-KGG

**PHL VARIABLE INSURANCE
COMPANY'S MEMORANDUM
OF LAW IN SUPPORT OF
MOTION TO DISMISS OR IN
THE ALTERNATIVE MOTION
FOR A MORE DEFINITE
STATEMENT**

Defendant PHL Variable Insurance Company ("PHLVIC"), by and through its undersigned attorneys, files this Memorandum of Law in support of its Motion to Dismiss Plaintiff Catholic Charities of Southwest Kansas, Inc.'s Complaint ("Complaint" or "Compl."), pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6), or, in the alternative, its Motion for a More Definite Statement, pursuant to FRCP 12(e), and shows the Court as follows:

## STATEMENT OF THE NATURE OF THE MATTER

Plaintiff Catholic Charities of Southwest Kansas, Inc. ("Plaintiff") has brought two causes of action related to two life insurance policies alleged to have been issued by PHLVIC. Plaintiff's claims are fundamentally defective for several reasons. First, Plaintiff's claims are time barred under Kansas law because they appear to concern grace period notices allegedly received in 2013 and 2014. If Plaintiff is complaining about grace period notices received six or seven years ago, then Plaintiff's claims are barred under Kansas' five-year statute of limitations for breach of contract claims. Second, Plaintiff's claims must be dismissed because Plaintiff fails to allege facts supporting the element of performance as required under Kansas law.

Finally, Plaintiff's claims are exceptionally vague; if they are not dismissed, PHLVIC requests that Plaintiff be ordered to provide a more definite statement.

<u>**STATEMENT OF FACTS**</u>

The Complaint alleges that PHLVIC issued two life insurance policies owned by the Plaintiff, one insuring the life of Elwyn A. Liebl (the "Liebl Policy") and one insuring the life of John R. Killeen (the "Killeen Policy").  Compl. ¶¶ 6, 10, 35, 38.  Under the Liebl Policy section of the Complaint, the Complaint alleges that "[o]n or about August 21, 2013 Catholic Charities received a grace notice seeking a required premium $19,209.93 [sic] before September 1, 2013." *Id*. ¶ 12.  Under the Killeen Policy section of the Complaint, the Complaint alleges that "[i]n August 2014 Catholic Charities received a grace notice from PHL seeking a required premium $23,732.49 [sic] before September 1, 2013."  *Id.* ¶ 40.  Also under the Killeen Policy section of the Complaint, the Complaint alleges that "[i]n October 2014 Catholic Charities received a grace notice from PHL seeking a required premium $39,500 [sic] on or before October 30, 2014." *Id.* ¶ 45.  The Complaint alleges that these grace notices were "defective," "demanded an incorrect and excessive amount," were "not sent within the time period required by the Policy," and that PHLVIC did not comply with "the notice requirements of the Policy" or "the grace period requirements of the Policy."  *Id.* ¶¶ 13-15, 23-24 (Liebl Policy allegations); ¶¶ 41-43, 46-48, 56-57 (Killeen Policy allegations).  Plaintiff brings two causes of action, titled "First Cause of Action" and "Second Cause of Action," although Plaintiff does not specify whether these claims are breach of contract claims, statutory claims, common law claims, claims for a declaratory judgment, or claims for something else.

## STATEMENT OF QUESTIONS PRESENTED

1. Under FRCP 12(b)(6), does a complaint state a claim for breach of contract under Kansas law where the alleged breaches occurred more than five years before the complaint was filed?

2. Under FRCP 12(b)(6), does a complaint state a claim for breach of contract under Kansas law where it does not allege any facts regarding the plaintiff's performance or willingness to perform in compliance with the contract?

3. Under FRCP 12(e), should a plaintiff be ordered to provide a more definite statement where the plaintiff's complaint does not specify whether the two claims it brings are breach of contract claims, statutory claims, common law claims, claims for a declaratory judgment, or claims for something else?

## ARGUMENT

### I. Plaintiff's Claims are Time Barred.

Under Kansas law, "[a] breach of contract claim accrues at the time of the breach, regardless of plaintiffs' knowledge of the breach or any actual injury." *Bendis v. Alexander & Alexander, Inc.*, No. 91-2192-KHV, 1993 WL 461855, at *2 (D. Kan. Oct. 26, 1993) (Vratil, J.) (citation omitted), *aff'd,* 67 F.3d 312 (10th Cir. 1995). Under Kansas law, "[a]n action upon any agreement, contract or promise in writing" "shall be brought within five (5) years." *Freebird, Inc. v. Merit Energy Co.*, 883 F. Supp. 2d 1026, 1035 (D. Kan. 2012) (Vratil, J.) (quoting K.S.A. § 60–511).

Plaintiff pleads that PHLVIC breached the Liebl Policy and Killeen Policy by sending "defective" grace notices that did not comply with the "notice requirements" or the "grace period requirements" of the Policies. Compl. ¶¶ 13, 23-24, 41, 46, 56-57. Plaintiff's claims are

therefore time barred.  Plaintiff filed this Complaint on November 25, 2020; thus, under K.S.A. § 60–511, any claims accruing before November 25, 2015 are time barred.  Plaintiff alleges it received the allegedly "defective" grace notices at issue well before then, on August 21, 2013, in August 2014, and in October 2014.  *Id.* ¶¶ 12, 40, 45.  Plaintiff's breach of contract claims are time barred.

## II.     <u>The Complaint Fails to Allege Facts Supporting the Element of Performance.</u>

On a motion to dismiss under FRCP 12(b)(6), a court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201–02 (10th Cir. 2011) (citation omitted). The elements of a breach of contract claim under Kansas law are: (1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach.  *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013).  "Tender of performance must be alleged by the plaintiff to make his petition show a good cause of action."  *Zehring v. Driskel*, 339 P.2d 57, 59–60 (Kan. 1959) (affirming demurrer to plaintiff's petition where "[p]laintiff herein failed to allege readiness and ability on his part to perform the contract." (citation omitted)).

Plaintiff fails to state a claim by failing to plead performance.  Nowhere in the Complaint does Plaintiff allege its "performance or willingness to perform in compliance with the contract," or any facts from which this Court might infer said performance or willingness to perform. Plaintiff does not even plead that it ever paid *any* premiums necessary to keep the policies in force.  Plaintiff's breach of contract claims must be dismissed.  *See R.H. Damon & Co. v. Softkey*

4

*Software Prod., Inc.*, 811 F. Supp. 986, 991 (S.D.N.Y. 1993) (granting motion to dismiss where plaintiffs failed to allege performance).

III.     **In the Alternative, The Court Should Order Plaintiff to Replead with a More Definite Statement.**

Plaintiff groups its allegations under the headers "First Cause of Action" and "Second Cause of Action," alleging failure to comply with unnamed provisions in the Policies (Compl. ¶¶ 15, 18, 23-26, 48, 51, 56-59); failure to comply with unnamed statutory requirements (*id.* ¶¶ 20-22, 29-30, 53-55, 62-63); unlawful actions "[u]nder case law" (also unnamed) (*id.* ¶¶ 29-30, 62-63); and failure to comply with "applicable law." *Id.* ¶¶ 19, 52.

It is unclear from the face of Plaintiff's Complaint what claims it is exactly pleading. Plaintiff's allegations are vague and give PHLVIC no notice as to whether Plaintiff is bringing these claims as breach of contract claims, as statutory claims, as common law claims, as claims for a declaratory judgment, or as something else. If the Court declines to dismiss Plaintiff's claims, PHLVIC requests that Plaintiff be ordered to provide a more definite statement. *See Hendrikx v. Utah*, No. 2:13-CV-0087-RJS, 2013 WL 5839328, at *2 (D. Utah Oct. 29, 2013) (granting motion for a more definite statement where "[i]t is unclear what claims are asserted against which Defendants, and what facts are alleged to provide the bases for those claims").

WHEREFORE, based upon the foregoing, PHLVIC respectfully requests that the Court dismiss Plaintiff's Complaint, with prejudice, and grant PHLVIC all other relief to which it may show itself justly entitled.

Dated: February 1, 2021       Respectfully submitted,

      By: */s/ Karrie J. Clinkinbeard*
         Karrie J. Clinkinbeard  #19583
         2345 Grand Boulevard, Suite 1500
         Kansas City, Missouri 64108-2617
         816.221.3420

816.221.0786 (facsimile)
kclinkinbeard@atllp.com

-and-

Jarrett E. Ganer*
Ryan Goodland*
MCDOWELL HETHERINGTON LLP
1001 Fannin, Suite 2700
Houston, Texas 77002
Phone:  713-337-5580
Facsimile:  713-337-8850
Email:   jarrett.ganer@mhllp.com
         ryan.goodland@mhllp.com

* *Pro hac vice* application pending

*Attorneys for Defendant PHL Variable Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all parties through their counsel of record (as listed below) via the Court's CM/ECF system, on February 1, 2021:

**Ira S. Lipsius**
Lipsius BenHaim Law, LLP
8002 Kew Gardens Road, Suite 1030
Kew Gardens, NY 11415
212-981-8442
Fax: 888-442-0284
Email: iral@lipsiuslaw.com

**Phillip M. Manela**
Lipsius BenHaim Law, LLP
8002 Kew Gardens Road, Suite 1030
Kew Gardens, NY 11415
212-981-8448
Fax: 888-442-0284
Email: pmanela@lipsiuslaw.com

**William P. Tretbar**
Fleeson, Gooing, Coulson & Kitch, LLC - Wichita
301 North Main, Suite 1900
Wichita, KS 67202
316-267-7361
Fax: 316-267-1754
Email: wtretbar@fleeson.com

*/s/ Karrie J. Clinkinbeard*
Karrie J. Clinkinbeard